IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| RYAN D. MOORE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:15-07697 |
| | ) | Criminal Action No. 5:12-00232 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside or Correct Sentence by a Person in Federal Custody. (Document No. 72.) By Standing

Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for

submission of proposed findings of fact and a recommendation for disposition pursuant to 28

U.S.C. § 636(b)(1)(B). (Document No. 73.) By Order entered on January 6, 2016, the above case

was referred to the undersigned United States Magistrate Judge for submission of proposed

findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B).

(Document No. 81.)

FACTUAL BACKGROUND

A.    Criminal Action No. 5:12-00232:

On May 30, 2013, Movant pled guilty to one count of Conspiracy to Distribute

Oxycodone in violation of 21 U.S.C. § 846 (Count One) and one count of Conspiracy to Commit

Money Laundering in violation of 18 U.S.C. § 1956(h) (Count Two). (Criminal Action No.

5:12-00232, Document Nos. 40 – 42.) A Presentence Investigation Report was prepared. (Id.,

Document No. 53.) The District Court determined that Movant had a Combined Offense Level of

36, and a Total Offense Level of 33, the Court having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b).[1] (Id.) The District Court sentenced Movant on October 17, 2013, to serve a total term of 168-months imprisonment, to be followed by a three-year term of supervised release. (Id., Document Nos. 50 and 51.) The District Court also imposed a $200 special assessment and directed forfeiture of $330,000. (Id.)

On December 23, 2013, Movant filed a Notice of Appeal. (Id., Document No. 55.) Subsequently, the United States filed a Motion to Dismiss arguing that the appeal was untimely. (Id., Document No. 65.) By Order filed on June 20, 2014, the Fourth Circuit granted the United States' Motion and dismissed Movant's appeal as untimely. (Id.) By Order filed on July 29, 2014, the Fourth Circuit denied Movant's petition for rehearing. (Id., Document No. 69.)

**B.      Section 2255 Motion:**

On June 15, 2015, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[2] (Civil No. 5:12-00232, Document No. 72.) As grounds for *habeas* relief, Movant argues as follows:

1.      The Court erred by failing to make a sufficient examination before accepting appellant's guilty plea of his competence to enter a plea of guilty after he showed a reasonable doubt regarding his competence.

2.      The failure of appellant's counsel to investigate and present documents reflecting appellant's mental and emotional condition relevant to the question of appellant's competence before advising him to plead guilty was ineffective assistance of counsel.

3.      The two level enhancement appellant received was illegal due to the fact

---

[1] The District Court determined that Movant was subject to the advisory guideline range of 135 to 168 months. (Criminal Action No. 5:12-00232, Document No. 52.) The District Court sentenced Movant at the top of the Guideline Range. (*Id.*)

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that there were not five individuals involved in the conspiracy.

4.      The two level enhancement was illegal due to the fact that the parties in West Virginia determined where the bank locations were according to convenience in geographic. Therefore, the appellant did not control the locations of the financial institutions.

(Id., pp. 1 – 12.) As Exhibits, Movant attaches the following: (1) A copy of the "Order" and "Judgment" of the Fourth Circuit Court of Appeals filed on June 20, 2014 (Id., pp. 13 - 15.); (2) A copy of pertinent pages from "Appellant's Response to Government's Motion to Dismiss Appeal and to Suspend Time for Filing Appellee's Brief" (Id., pp. 16 – 17.); and (3) A copy of United States v. Cole, 813 F.2d 43 (3rd Cir. 1987) (Id., pp. 18 – 24.).

**C.      Section 3582 Motion:**

On September 14, 2015, Movant, acting *pro se*, filed a Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that he was entitled to a sentence reduction based upon the reduction in Sentencing Guidelines. (Criminal Action No. 5:12-00232, Document No. 77.) By Order filed on December 14, 2015, the District Court appointed counsel to represent Movant and directed the parties to file memorandums addressing the issue. (Id., Document No. 78.) On December 28, 2015, the United States filed its Response stating that it had "no objection to the United States Probation Office's conclusion that this defendant is eligible for a reduction of offense level pursuant to Amendment 782 to the United States Sentencing Guidelines effective November 1, 2014." (Id., Document No. 79.) On December 29, 2015, Movant, by counsel, filed his Memorandum concurring that he is eligible for a reduced sentence under Section 3582(c)(2) and requesting sentencing at the bottom of the Guideline range. (Id., Document No. 80.) By "Memorandum Opinion and Judgment Order" entered on May 6, 2016, the District Court granted Movant's Section 3582 Motion and reduced his sentence from 168

months to 135 months based upon the retroactive amendment to the Sentencing Guidelines.[3]

(Id., Document No. 82.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A

---

[3] The District Court determined that Movant was subject to the amended advisory guideline range of 108 to 135 months. (Criminal Action No. 5:12-00232, Document No. 82.) The District Court sentenced Movant at the top of the Guideline Range. (Id.)

non-constitutional claim that could have been, but was not, raised on direct appeal may not be

raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96

S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been,

but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion

unless the movant can show either (1) "cause and actual prejudice resulting from the errors of

which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from

the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d

490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on

something external to the defense, such as the novelty of the claim or a denial of effective

assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error

worked to movant's "actual and substantial disadvantage," rather than just creating a possibility

of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier,

477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that

a miscarriage of justice would result from the refusal of the court to entertain the collateral

attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas,

186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual

factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of

which he was convicted; this standard is not satisfied by a showing that a petitioner is legally,

but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that

no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851,

130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct

review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert.

denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will

not be allowed to recast, under the guise of a collateral attack, questions fully considered [on

appeal]." An exception exists, however, when there has been an intervening change in the law

which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333,

342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

**1.      Movant's Competence:**

Before accepting a guilty plea, the Court must determine that the defendant is competent

and that his plea is knowing and voluntary. Godinez v. Moran, 509 U.S. 389, 400, 113 S.Ct.

2680, 125 L.Ed.2d 321 (1993); also see North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160,

27 L.Ed. 2d 162 (1970)(A guilty plea must be "a voluntary and intelligent choice among the

alternative courses of action open to the defendant."); Roach v. Martin, 757 F.2d 1463, 1480 (4th

Cir. 1985)(due process requires a defendant be legally competent to plead guilty). If the

defendant does not understand his constitutional protections and the charges made against him,

the guilty plea is invalid. Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d.

108 (1976). A defendant is competent to plead guilty if he has "sufficient present ability to

consult with his lawyer with a reasonable degree of rational understanding" and "a rational as

well as factual understanding of the proceedings against him." Godinez, 509 U.S. at 396, 113

S.Ct. at 2685(The standard for determining a defendant's competence to enter a guilty plea is the

same as the standard for determining competency to stand trial); Roach, 757 F.2d at 1280(To

show incompetence to plead guilty, a defendant must demonstrate that his mental faculties were

so impaired when he pleaded that he was incapable of understanding and appreciating the

charges against him, of comprehending his constitutional rights, and of realizing the

consequences of his plea); <u>Shaw v. Martin</u>, 733 F.2d 304, 314 (4th Cir. 1984)(the standard of

competence to plead guilty parallels the standard of competency to stand trial). The Fourth

Circuit has stated that "[n]ot every manifestation of mental illness demonstrates incompetence to

stand trial; rather, the evidence must indicate a present inability to assist counsel or understand

the charges." <u>Burket v. Angelone</u>, 208 F.3d 172, 192 (4th Cir. 2000). A defendant asserting that

he is legally incompetent must prove it by a preponderance of the evidence. <u>United States v.</u>

<u>General</u>, 278 F.3d 389, 396 (4th Cir. 2002).

    Competency claims can raise issues under both procedural and substantive due process.

<u>Beck v. Angelone</u>, 261 F.3d 377, 387 (4th Cir. 2001). A procedural competency claim arises

when a defendant argues that the district court erred in failing to conduct a competency hearing.

<u>General</u>, 278 F.3d at 396. A substantive competency claim arises when a defendant argues he

was convicted or sentenced while legally incompetent. <u>Id.</u>; <u>also see</u> <u>Vogt v. United States</u>, 88

F.3d 587, 590-91 (8th Cir. 1996)(noting that substantive due process prohibits the conviction of a

defendant that is mentally incompetent, while procedural due process requires a competency

hearing be held when there is reasonable doubt as to the defendant's mental competency). In the

instant case, Movant appears to assert a procedural competency claim. Specifically, Movant

argues that the District Court "erred by failing to make a sufficient examination before accepting

appellant's guilty plea of his competence to enter a plea of guilty after he showed a reasonable

doubt regarding his competence." (Civil Action 5:15-07697, Document No. 72, p. 4.) Title 18

U.S.C. § 4241 requires the district court to *sua sponte* order a competency hearing if reasonable

cause exists as to question the defendant's competency. 18 U.S.C. § 4241; <u>also see</u> <u>General</u>, 278

F.3d at 396; <u>Godinez</u>, 509 U.S. at 408, 113 S.Ct. at 2691("Trial courts have the obligation of

conducting a hearing whenever there is sufficient doubt concerning a defendant's competency.") The determination as to whether reasonable cause exists is a matter left to the discretion of the trial court. Id. When determining whether reasonable cause exists, the trial court must consider all the evidence before it, including evidence of irrational behavior, the defendant's demeanor, and any medical opinions concerning the defendant's competency. See United States v. Mason, 52 F.3d 1286, 1290 (4th Cir. 1995); also see Drope v. Missouri, 420 U.S 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1972)(Relevant indicia of a defendant's incompetence include the defendant's irrational behavior, courtroom demeanor, or medical opinions.) A court reviewing a trial court's exercise of discretion cannot substitute its own judgment, but must determine whether the trial court's exercise of discretion was arbitrary and capricious when considering the law and facts. See General, 278 F.3d at 396.

The Rule 11 colloquy is designed to ensure that a guilty plea is both intelligent and voluntary. See United States v. Vonn, 535 U.S. 55, 58, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). "Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty and various rights." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "[A] valid plea of guilty requires that the defendant be made aware of all 'the direct consequences of his plea." See Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir.), cert. denied, 414 U.S. 1005 (1973); Manley v. United States, 588 F.2d 79, 81 (4th Cir. 1978). A defendant's statement that his plea is voluntary and knowingly is generally considered conclusive on the issue. Savino v. Murrary, 82 F.3d 593, 603 (4th Cir. 1996); also see Fields v. Attorney General of Maryland, 956

F.2d 1290, 1299 (4ᵗʰ Cir. 1992)("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."), cert. denied, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d. 176 (1992); DeFusco, 949 F.2d at 119 (A defendant's statements at the plea hearing are strong evidence of the voluntariness of the plea agreement), cert. denied, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d. 412 (1992). The Fourth Circuit has recognized that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated - 'permit[ting] quick disposition of baseless collateral attacks." United States v. LeMaster, 403 F.3d 216, 220 (4ᵗʰ Cir. 2005).

The record reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. Neither Movant nor counsel requested a competency hearing or introduced any evidence of Movant's alleged incompetence before or during the plea hearing. The only evidence that the Court had before it to determine whether reasonable cause existed to order a competency hearing was Movant's behavior and responses to the Court's questioning during the plea hearing. During Movant's plea hearing, the District Court inquired regarding Movant's mental capacity. (Criminal Action No. 5:12-00232, Document No. 61, pp. 3 - 5.) Specifically, the District Court inquired as follows:

> THE COURT:          Have you recently been under the care of a doctor, psychiatrist, or other medical professional for any serious physical or emotional illness?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:          Tell me about that, please.

THE DEFENDANT:    I was involved in a car accident and I've got some brain injury. They removed my spleen and part of my liver. My lung collapsed. And I've got multiple scars all over my body from it. And from the head injury, it's kind of hard for me to read and write.

THE COURT:    When was this accident, Mr. Moore?

THE DEFENDANT:    Three months ago.

THE COURT:    Okay.

THE DEFENDANT:    The U.S. Marshals actually took me from the hospital into custody.

THE COURT:    All right.

THE DEFENDANT:    So, - -

THE COURT:    Are you taking any type of medications as a result of that accident?

THE DEFENDANT:    I was for pain. But when I arrived here, they stopped giving it to me. The only medication I take is Dapakote and blood pressure medication.

THE COURT:    And how long have you been on those medications?

THE DEFENDANT:    A couple years.

THE COURT:    During the time that you have taken those, have you noticed any impact on your ability to reason and understand and to communicate?

THE DEFENDANT:    No.

THE COURT:    When is the last time you had any medicine at all?

THE DEFENDANT:    Today.

THE COURT:    And how long ago?

THE DEFENDANT:    This morning.

THE COURT:        Is your mind free and clear as you stand here at 1:34 this afternoon?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:        And other than those two medicines, are you taking any alcohol, controlled substance, or anything that might interfere with your ability to understand the proceedings here this afternoon?

THE DEFENDANT:  No, Your Honor.

(Id.) The District Court then specifically inquired as to whether counsel had any reason to question Movant's competence. (Id., pp. 5 – 6.) Specifically, the District Court inquired as follows:

THE COURT:        During the time that you have represented him, Mr. Lefler, have you had any reason whatsoever to question this competence?

MR. LEFLER:      Your Honor, I have not. For the record, I will state that in meeting with Mr. Moore subsequent to this accident, I could note an affect in his speech and his, just physical presentation.

                    Being aware of the, of the accident and the significant injuries that he received, I made it a point to try to make sure that he was, in my estimation, competent and able to understand our exchanges and provide me information.

                    And despite the, the difference that I can see in his presentation and especially, as I said, with the affect of his speech perhaps, I, I have found Mr. Moore capable of communicating with me, understanding what I've explained to him, asking him questions or giving me information, so that I do not have any significant concern that he is in any fashion unable to understand what he's doing in entering this plea or its terms. I'm satisfied that he is, has the wherewithal to do that.

THE COURT:        I take it from everything that you have said thus far, when you communicate with him and you, when you question

11

him, he is appropriately responsive. Is that correct?

MR. LEFLER:        Yes, ma'am.

(Id.) The District Court then personally addressed Movant to determine whether he understood the nature of the charges, his constitutional rights, the terms of the plea agreement, and the consequences of pleading guilty. (Id., pp. 8 – 46.) The District Court read the entirety of the Indictment to Movant, Movant affirmed that he understood the nature of the charges and was pleading guilty knowing and understanding the nature of the charges. (Id., pp. 14 – 16.) Next, the District Court personally addressed Movant when determining whether there was a factual basis for the plea. (Id., pp. 19 – 30.) Finally, the District Court inquired of Movant as to his understanding of his constitutional rights and the maximum possible penalties he faced by pleading guilty. (Id., pp. 30 – 44.) The record reflects that Movant was coherent and appropriately responded to the District Court's questions. (Id.) Movant further affirmed that his plea of guilty was voluntary and that he was able to understand everything that had occurred in the proceedings. (Id., p. 45.)

Based upon the foregoing the undersigned finds that there was no reasonable cause for the District Court to order a competency hearing. Although Movant advised that Court that his "head injury" made it "kind of hard" for him to read and write, illiteracy standing alone does not render an individual incompetent.[4] See United States v. Gaines, 295 F.3d 293, 299 (2nd Cir. 2002)("[A]n inability to read or write does not, by itself, establish that the suspect is incapable of making a voluntary and intelligent decision."); Smith v. Newsome, 876 F.2d 1461, 1465 (11 Cir. 1989)("[A] person's being illiterate does not mean that the person lacks good sense."); Jones v.

---

[4] According to the Presentence Report, Movant denied any literacy problems but noted that he had a little difficulty reading due to vision problems occurring since he sustained the head injury in March, 2013. (Criminal Action No. 5:12-00232, Document No. 53, p. 44, ¶ 184.)

United States, 2006 WL 44323, * 3 (W.D.Va. Jan. 9, 2006)(finding that "illiteracy does not

invariably equate with legal incompetence"). A review of the record confirms that any possible

mental capacity issues suffered by Movant did not impair his ability to proceed with the guilty

plea. The District Court thoroughly questioned Movant regarding his capability and his

understanding of what was transpiring at the plea hearing, his understanding of the proceedings,

and his ability to consult with counsel. The record reflects that Movant was coherent and

appropriately responded to the District Court's questions. Nothing about Movant's behavior or

statements during the Rule 11 hearing suggested that he was anything but competent. The record

is void of any indication that Movant's alleged mental condition was so debilitating that he was

unable to consult with counsel and did not have a rational and factual understanding of the

proceedings. Accordingly, the undersigned respectfully recommends that Movant's above

*habeas* claim be dismissed.

**2.      Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of

counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief

under Section 2255, the burden is on the movant to prove that his trial attorney failed to render

effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80

L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether

a defendant received adequate assistance of counsel. Id. The first prong is competence. The

movant must show that the representation fell below an objective standard of reasonableness.

Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that

the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance

14

prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

In his Section 2255 Motion, Movant alleges that trial counsel acted ineffectively by failing to investigate and present documents reflecting Movant's mental condition relevant to the question of Movant's competence before advising Movant to plead guilty. (Civil Action No. 5:15-07697, Document No. 72, p. 5.) A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to explain how trial counsel was ineffective in failing to conduct an appropriate investigation or present documents concerning his competency. First, there is no allegation or indication that documents existed that would bring Movant's competency into question. Additionally, there is no allegation or indication that Movant did not have "the ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." For the reasons explained above, the undersigned finds that the record reflects that Movant was competent to plead guilty. Thus, Movant fails to explain how counsel's above alleged failures resulted in prejudice. Finally, counsel cannot be determined ineffective for failing to argue meritless claims. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp.

724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument") Based on the foregoing, the undersigned respectfully recommends that Movant's claim of ineffective assistance of counsel be dismissed.

**3.    Error in Sentencing:**

In his Section 2255 Motion, Movant challenges the validity of his sentence. (Document No. 5:15-07697, Document No. 72, pp. 6 – 8.) Specifically, Movant argues that the two level enhancement pursuant to U.S.S.G. § 3B1.1(c) was illegal because (1) there were not five individuals involved in the conspiracy, and (2) Movant "did not control the locations of the financial institutions." (Id.)

The undersigned notes that by his written Plea Agreement, Movant agreed to waive his rights to appeal his conviction and sentence directly and challenge them under Section 2255 except on grounds of ineffective assistance of counsel. (Criminal No. 5:12-00232, Document No. 42, p. 7.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); Lemaster, 403 F.3d at 220. "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary

and intelligent. As stated above, there is no indication that Movant's plea agreement was made

unknowingly or unintelligently. Movant initialed each page and signed the last page of the plea

agreement, thereby confirming that he had read and discussed every part of the agreement with

counsel and voluntarily agreed to the terms. (Criminal Action No. 5:12-00232, Document No.

42.) A review of the plea agreement further reveals that the waiver was clear and unambiguous.

Specifically, the plea agreement stated, in pertinent part, as follows:

> Mr. Moore knowingly and voluntarily waives the right to seek appellate review of
> any sentence of imprisonment or fine imposed by the District Court, or the
> manner in which the sentence was determined, on any ground whatsoever
> including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of
> imprisonment or fine is below or within the Sentencing Guideline range
> corresponding to offense level 36. The United States also waives its right to seek
> appellate review of any sentence of imprisonment or fine imposed by the District
> Court, or the manner in which the sentence was determined, on any ground
> whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that
> sentence of imprisonment or fine is within or above the Sentencing Guideline
> range corresponding to offense level 33.

> Mr. Moore also knowingly and voluntarily waives the right to challenge his guilty
> plea and his conviction resulting from this plea agreement, and any sentence
> imposed for the conviction, in any collateral attack, including but not limited to a
> motion brought under 28 U.S.C. § 2255.

> The waivers noted above shall not apply to a post-conviction collateral attack or
> direct appeal based on a claim of ineffective assistance of counsel.

(Criminal Action No. 5:12-00232, Document No. 42, p. 7, ¶ 12.) The undersigned finds no

indication that Movant did not understand the terms and consequences of signing the plea

agreement. Considering Movant's educational background, the record reveals that Movant

obtained his high school diploma and completed two years of college. (Id., Document No. 53, p.

44 and Document No. 61, p. 3.) Additionally, Movant's criminal history reveals that he is

17

experienced with the criminal justice system. (Id., Document No. 53, pp. 35 - 38.) During the Plea Hearing, the terms of the plea agreement were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the plea agreement. (Id., Document No. 61, pp. 8 - 12.) Further, the District Court thoroughly explained the appellate waiver to Movant during the Rule 11 colloquy and Movant acknowledged that he understood and agreed to the waiver. (Id., pp. 39 – 40.) Based on the foregoing, the undersigned finds that Movant's appellate waiver was knowingly and intelligently. Thus, Movant waived his right to challenge the validity of his conviction or sentence. Accordingly, the undersigned respectfully recommends that the District Court determine that Movant's above *habeas* claims are precluded by his appellate waiver.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 72) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: May 24, 2018.

Omar J. Aboulhosn
United States Magistrate Judge